UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN PADILLA,<br><br>        Plaintiff,<br><br>    v.<br><br>DEBRA M. CORNEZ,<br><br>        Defendant. | Case No.: 1:16-cv-00110-DAD-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF COMPLAINT FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>[ECF No. 1] |

Plaintiff Juan Padilla is a civil detainee who is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff declined magistrate judge jurisdiction and this matter was therefore referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(1)(B) and Local Rule 302. (ECF No. 9.)

**I.**

**SCREENING REQUIREMENT**

The in forma pauperis statutes provides that "the court shall dismiss the case at any time if the court determines that … the action or appeal … fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief…." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing

1  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge
2  unwarranted inferences," Doe I v. Walmart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal
3  quotation marks and citation omitted).  While factual allegations are accepted as true, legal
4  conclusions are not.  Iqbal, 556 U.S. at 678.

5      Under section 1983, Plaintiff must demonstrate that each defendant personally participated in
6  the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  This requires the
7  presentation of factual allegations sufficient to state a plausible claim for relief.  Iqbal, 556 U.S. at
8  678-679; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of
9  misconduct falls short of meeting this plausibility standard.  Id.

## II.
## COMPLAINT ALLEGATIONS

12      Defendant is the "Director" of the California government agent entitled "Office of
13  Administrative Law" (OAL).

14      Plaintiff has a United States government immigration deportation action pending against him
15  since he was extradited from Mexico to the United States to face trial on felony charges.  After
16  Plaintiff completed a prison sentence in the State of California for the felony convictions, Plaintiff was
17  assessed after trial to be a sexually violent predator.  He is presently a patient being held by California
18  Department of State Hospitals (DSH) pursuant to California's Welfare and Institutions Code §§ 6600,
19  et. seq.  (ECF No. 1, Compl. at 2.)

20      Plaintiff contends there are several portions of California law which indicate that the DSH
21  should assist to return to his homeland, rather than facilitate his retention in the DSH.  (Id.)  In support
22  of his argument, Plaintiff cites California Government Code section 11340.5 which sets forth agency
23  guidelines, criteria, bulletins, manuals, instructions, orders, standards of general application or other
24  rules regarding, adoption, filing, and determinations of a regulation.  (Id. at 2-3.)

25      Plaintiff repeatedly sought an explanation from the DSH administration as to how it was
26  assisting Plaintiff to return to his homeland.  The explanations Plaintiff was provided indicated that the
27  DSH instituted an underground regulation.  Namely, that DSH staff shall (i) ensure that all illegal
28  aliens who enter DSH custody pursuant to the SVPA are not deported or otherwise permitted to return

1  to their homelands and (ii) ensure that California taxpayers pay for the mental health treatment of all
2  illegal aliens who enter DSH custody pursuant to the SVPA.  (Id. at 2.)

3       In July 2014, a similarly situated individual, named Douglas MacKenzie, issued a petition with
4  the OAL alleging that the DSH had issued, used, enforced, or attempted to enforce the above-noted
5  underground regulation.  (Id.)

6       In February 2015, Mr. MacKenzie received a response from Defendant stating that the "OAL
7  declines to accept [Plaintiff's] petition."  The response further indicated that the "decision in no way
8  reflects on the merits of the underlying issue presented by your petition."  As a result of the failure of
9  Defendant to comply with Defendant's mandate to consider whether there was any merit as to whether
10 the DSH had instituted an underground regulation as Mr. MacKenzie had contended, Plaintiff faced
11 the prospect of being subject to an underground regulation in the future.  (Id.)

12      Plaintiff's procedural and substantive due process rights were violated as he faces "the
13 prospect of being subjected to an unlawful regulation that may cause [him] to be deprived of his
14 liberty in the future."  Defendant has "created or acquiesced to policies and customs that Defendant
15 was aware permitted the above-named Fourteenth Amendment violations, namely: (i) that the OAL
16 could ignore Petitions that alleged the DSH had issued, used, enforced, or attempted to enforce an
17 underground regulation irrespective of whether there was any merit to the allegations made within said
18 Petitions."  (Id.)

19      Plaintiff seeks an injunction "from the prospect of … being subjected to future inaction of
20 Defendant regarding any Petitions, including the above-noted underground regulation which [has]
21 been submitted to OAL from contending DSH has instituted underground regulations, irrespective of
22 whether said Petitions have merit."  (Id.)

### III.
### DISCUSSION

**A.   Third Party Standing**

26 As an initial matter, Plaintiff cannot bring claims on behalf of other individuals, such as
27 petitioner Douglas MacKenzie.  See Gonzales v. Cal. Dep't of Corrs., 739 F.3d 1226, 1234 (9th Cir.
28 2014) ("Generally speaking, 'a litigant must assert his or her own legal rights and interests, and cannot

rest a claim to relief on the legal rights or interests of third parties.'") (quoting Powers v. Ohio, 499 U.S. 400, 410 (1991)). The fact that the DSH did not address a petition filed by another individual does not provide a basis for Plaintiff to bring action by way of a civil rights complaint.

### B.  Relief by Way of Habeas Corpus Petition or Civil Rights Complaint

A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), quoting, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.  In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement.  McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases. "[R]elief is available to a prisoner under the federal habeas statute … if success on the claim would 'necessarily spell speedier release' from custody, which . . . include termination of custody, acceleration of the future date of release from custody, or reduction of the level of custody." Nettles v. Grounds, 788 F.3d 992, 1001 (9th Cir. 2015) (quoting Skinner v. Switzer, 562 U.S. 521, 534 (2011)).

Plaintiff claims that the application of the SVPA to him violated the Fourteenth Amendment because the California legislature did not intend the act to apply to aliens who are subject to deportation, and any potential future petition should be addressed on the merits. Plaintiff's claim effectively challenges his civil detention and release therefrom which cannot be raised by way of a section 1983 complaint. Plaintiff must file a habeas corpus petition which is subject to the exhaustion of the state judicial remedies.[1]  28 U.S.C. § 2254(b)(1).

## IV.
## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that the instant complaint be dismissed for failure to state a cognizable claim for relief.

---

[1] However, the Court expresses no opinion as to whether a habeas corpus petition would have merit.

4

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 18, 2016**

UNITED STATES MAGISTRATE JUDGE

5